UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

KENNETH SIMMONS-SCOTT,

                          Plaintiff,

     -against-

JOHN DOE,

                          Defendant.
---------------------------------------------------------------X

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**
**18-CV-5551 (PKC) (LB)**

PAMELA K. CHEN, United States District Judge:

On October 5, 2018, Plaintiff Kenneth Simmons-Scott, appearing *pro se*, filed this action

against John Doe, a Social Security Administration ("SSA") representative located at 1540 Fulton

Street in Brooklyn.  The Court grants Plaintiff's request to proceed *in forma pauperis*.  This action

is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B), with leave to replead

as set forth below.

## BACKGROUND

Plaintiff's statement of claim is sparse.  He alleges that sometime in 2015, he "went to the

SSA offices to reinstate [his] SSD benefits" and after several unsuccessful encounters, "he became

offended and made a light threat." (Complaint, ("Compl.") at ECF 5.)[1]  Plaintiff appears to have

been banned from the SSA office, although he does not state so explicitly.  He seeks injunctive

relief allowing him to return to the SSA office.  (*Id.* at ECF 6.)

---

[1] For ease of reference, citations to Court documents utilize the pagination generated by
the CM/ECF docketing system and not the document's internal pagination.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys.

Although the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156-57 (2d Cir. 2017) ("[t]he policy of liberally construing pro se submissions is driven by the understanding that implicit in the right to self-representation is an obligation . . . of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.") (internal citation and quotation marks omitted), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Moreover, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. If the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

**DISCUSSION**

Plaintiff's complaint is brought against an unidentified employee of the SSA, a federal agency. (Compl. at ECF 1-2.) Therefore, the Court construes it as an action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"). *Bivens* governs violations by persons acting under color of federal law and is analogous to 42 U.S.C. § 1983, which governs actions against persons acting under color of state law. *See Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995) ("[F]ederal courts have typically incorporated § 1983 law into *Bivens* actions."); *Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) ("A plaintiff bringing a claim under *Bivens* must allege that he has been deprived of a constitutional right by a federal agent acting under color of federal authority."). "In a *Bivens* action, alleged victims of constitutional violations by federal officials may recover damages despite the absence of any statute specifically conferring such a cause of action." *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994).

However, Plaintiff has not alleged a constitutional or federal statutory violation in his Complaint. "The ability to enter a federal building is not, in itself, a cognizable liberty or property interest." *Gault v. Social Sec. Admin.*, No. 17-CV-703 (PKC), 2017 WL 1655192, at *2 (E.D.N.Y. May 2, 2017) (quoting *Richards v. Social Sec. Admin.*, No. 15-CV-1528 (ENV), 2016 WL 4690394, at *3 (E.D.N.Y. Sept. 7, 2016); *see also Steele v. Social Sec. Admin.*, No. 14-CV-7104 (ENV)(MDG), 2016 WL 4688850, at *2 (E.D.N.Y. Sept. 7, 2016) (citing *Williams v. Town of Greenburgh*, 535 F.3d 71, 74-76 (2d Cir. 2008) (same)).

Furthermore, a ban on entering the SSA's offices does not necessarily prevent an applicant from conducting business with the SSA if the applicant is provided with alternate means of service, such as by internet, phone or mail; and if a ban is issued, the applicant can appeal the ban. *See* 20

C.F.R. § 422.903-04. The SSA may ban individuals who verbally assault their employees, use force or threats of force or engage in disruptive conduct. *See* 20 C.F.R. § 422.903. Here, Plaintiff admits that he became offended and made a "light threat," (*see* Compl. at ECF 5), so there appears to be a basis for the alleged ban. *See, e.g.*, *Tsang v. Berryhill*, No. 16-CV-56865, 2018 WL 4523163, at *2 (9th Cir. Sept. 21, 2018) (plaintiff failed to state a claim that he had a right to enter SSA property without permission).

Finally, Plaintiff's claim is insufficient as presented. For example, Plaintiff does not set forth whether he was issued a written decision or letter notifying him that he was banned from the SSA office, the reason for the ban and whether he can contact the SSA regarding his benefits by other means. Plaintiff also fails to set forth whether he appealed the ban and, if so, the date of the appeal decision.

## CONCLUSION

Accordingly, the complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). However, in light of Plaintiff's *pro se* status, the Court grants him leave to file an amended complaint within thirty (30) days from the entry of this Memorandum and Order. No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days.

If Plaintiff elects to file an amended complaint, it shall be captioned "AMENDED COMPLAINT" and bear the same docket number as this Order, 18-CV-5551 (PKC) (LB). The amended complaint shall replace the original complaint. Plaintiff must provide facts to support a claim against each defendant named in the amended complaint, including the date and location of the events at issue, a description of what each defendant did or failed to do, and the relief requested. Furthermore, Plaintiff must set forth whether he received a written decision from the SSA, whether he appealed any ban, and whether he has sought alternate means to contact the SSA. If available,

Plaintiff may attach a copy of the SSA's decision to ban him as an exhibit to the amended complaint.

If Plaintiff fails to file an amended complaint within the time allowed, judgment dismissing this action shall be entered. If submitted, the amended complaint will be reviewed for compliance with this Memorandum and Order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to send Plaintiff general complaint instructions with a form complaint.

SO ORDERED.

*/s/ Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: October 15, 2018
       Brooklyn, New York